THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* CHARLOTTE A. WITTPEN, Defendant.

City Court of New Rochelle, January 5, 1948.

*Vitale H. Paganelli* for defendant.

*Aaron Simmons, Corporation Counsel (Murray C. Fuerst* of counsel), for plaintiff.

RUBIN, J. The defendant is charged with having violated the provisions of subdivision 5 of section 438 of the Public

Health Law, in that she attempted to obtain from a pharmacist by the use of false and forged prescription, a sedative known as seconal.

Her attorney moves to dismiss on the ground that seconal is not a narcotic, and that section 438 of the Public Health Law deals exclusively with transactions in narcotics.

Seconal is a barbiturate drug or preparation and is separately dealt with by a new enactment of the Legislature, known as section 1747-b of the Penal Law enacted in 1946 (L. 1946, ch. 597). That statute was designed to meet the alarming increase in fatalities that were found to result from the indiscriminate and unregulated use of barbiturate drugs or preparations commonly known as " Sleeping tablets ". The fact that such special legislation was deemed necessary by the Legislature makes it clear that there was legislative recognition that a barbiturate is not a narcotic within the meaning and scope of section 438 of the Public Health Law.

In the present case there was an attempt to obtain the drug or preparation, but there never was any actual possession because the transaction was never consummated, and actual possession would be required to sustain a prosecution under section 1747-b.

There is a statutory provision relating to narcotics, as distinguished from barbiturates, making the attempt to obtain the narcotic by the use of false or forged prescription or order itself a criminal offense (Public Health Law, § 438, subd. 5).

The instant case makes clear the existence of a dangerous loophole in the scheme for dealing with these products, and indicates the need for immediate legislative amendment so as to carry over into the barbiturate statute provisions comparable to those now found in the narcotic statute.

Upon the foregoing, the court comes to the inescapable conclusion that the information does not state sufficient facts to constitute a violation of the Public Health Law; the motion to dismiss is accordingly granted, and the defendant is discharged.